# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1260-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

HEATHER LEWIS,

     Defendant-Appellant.

_____

> Submitted December 16, 2019 – Decided January 29, 2020
>
> Before Judges Sabatino and Sumners.
>
> On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 10-12-1301.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).
>
> Scott A. Coffina, Burlington County Prosecutor, attorney for respondent (Alexis R. Agre, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Heather Lewis appeals from a Law Division order denying her petition for post-conviction relief (PCR) without an evidentiary hearing. Having reviewed the record considering the applicable legal standards, we affirm substantially for the reasons set forth by Judge Terrence R. Cook in his well-reasoned written decision.

I.

The procedural history and trial evidence are detailed in our unpublished decision affirming defendant's conviction on direct appeal, State v. Melia, Nos. A-1403-12, A-1912-12, (App. Div. Aug. 3, 2015), and in Judge Cook's written decision. A brief summary of the relevant facts and proceedings will suffice here.

Over numerous occasions between 2002 and 2008, Robert S. Melia, Jr. and defendant (collectively defendants), who were romantically involved, sexually assaulted three minor females, nieces of a man with whom defendant had a previous relationship. Additionally, in 2007, defendant sexually assaulted a fourteen-year-old boy, who was related to one of the female victims. Execution of search warrants at Melia's house uncovered videos on his computer depicting some of the sexual abuse committed by defendants.

A-1260-18T4

Following a ten-day trial, a jury found defendants guilty of numerous counts of sexual-assault and related offenses. Specifically, defendant was convicted of four counts of first-degree aggravated sexual assault while aided and abetted, N.J.S.A. 2C:14-2(a)(5); two counts of first-degree aggravated sexual assault on a victim who was physically helpless, N.J.S.A. 2C:14-2(a)(7); four counts of second-degree sexual assault using physical force, N.J.S.A. 2C:14-2(c)(1); three counts of second-degree sexual assault on a victim at least thirteen but less than sixteen year old, N.J.S.A. 2C:14-2(c)(4); three counts of third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a); third-degree invasion of privacy by filming intimate parts, N.J.S.A. 2C:14-9(b); two counts of third-degree aggravated criminal sexual conduct, N.J.S.A. 2C:14-3(a); and five counts of fourth-degree criminal sexual conduct, N.J.S.A. 2C:14-3(b). After merger and concurrent sentences, defendant was sentenced to an aggregate twenty-year prison term subject to the No Early Release Act, N.J.S.A. 2C:43-7, and a consecutive five-year sentence for invasion of privacy.[1] Defendant's petition for certification was denied. State v. Lewis, 223 N.J. 558 (2015).

Over a year later, defendant filed for PCR alleging her trial counsel was ineffective because he failed to: (1) file a severance motion; (2) file a brief in

---

[1] Co-defendant Melia received the same sentence.

support of Melia's suppression motion and did not adequately argue at the motion's hearing; (3) adequately conduct pre-trial investigation and consult with her prior to trial; and (4) file a motion for a new trial because the weight of the evidence did not support the verdict. Judge Cook, who was not the trial judge, denied relief without an evidentiary hearing.

## II.

In this appeal, defendant presents the following arguments:

> THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A <u>PRIMA FACIE</u> CASE OF TRIAL COUNSEL'S INEFFECTIVENESS FOR FAILING TO MOVE FOR A SEVERANCE FROM HER CO-DEFENDANT AND FAILING TO CONDUCT AN ADEQUATE INVESTIGATION AND TO CONSULT WITH HER.
>
>> A. <u>Trial Counsel Failed To Move For A Severance From The Co-defendant.</u>
>>
>> B. <u>Trial Counsel Failed To Conduct An Adequate Investigation And To Consult With Defendant.</u>

Applying the well-recognized two-prong test to establish ineffectiveness of counsel, <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984) and <u>State v. Fritz</u>, 105 N.J. 42, 58 (1987), Judge Cook properly found defendant failed to establish a prima facie PCR claim that: (1) trial counsel's performance was

deficient and (2) the deficient performance prejudiced the defense. We also agree with the judge's conclusion that consequently, defendant was not entitled to an evidentiary hearing. State v. Preciose, 129 N.J. 451, 462 (1992). Our reasoning follows.

A. Motion to Sever Trial

Defendant contends the judge erred in his analysis that counsel was not ineffective for seeking a separate trial from Melia. She asserts trial severance was necessary because her defense was antagonistic to Melia's defense because the "overwhelming bulk of [the State's] testimony" related to him; thereby causing her undue prejudice. We disagree, as Judge Cook made the right call that severance would not have been proper.

Judge Cook found separate trials for defendants was not appropriate under State v. Sanchez, 143 N.J. 273, 282 (1996) (holding a joint trial is preferred where the State's evidence against the defendants is common) and State v. Coleman, 46 N.J. 16, 24 (1965) (holding the potential prejudice to the defendant's due process rights must be balanced against judicial economy of a joint trial). The judge explained that given defendants' common defense strategy – the victims, instigated by one of the victims and her stepfather, fabricated their allegations – severance for separate trials would have undermined their strategy.

A-1260-18T4

Because the victims' testimony and the video evidence applied against both defendants, the judge noted, "[t]wo separate trials would have been a waste of judicial resources, an inconvenience to witnesses and the victims, could have resulted in inconsistent verdicts and would have prevented a reliable assignment of culpability." Therefore, trial counsel was not deficient, and defendant did not satisfy the first Strickland prong. We also agree with the judge's determination that the second prong of Strickland was not satisfied because defendant failed to offer any "facts in support of her contention that she was prejudiced by the" joint trial.

We further add that since a motion to sever would have been unsuccessful, trial counsel cannot be ineffective for failing to raise a losing argument. State v. Echols, 199 N.J. 344, 360-61 (2009).

B. Inadequate Investigation/Not Consult with Defendant

Defendant asserts Judge Cook "did not address [her] general claim of inadequate investigation and lack of consultation regarding discovery." She contends trial counsel failed to conduct an adequate investigation to formulate a defense strategy and failed to review discovery with her, thus preventing her from being able to participate in her defense. We again disagree.

In recognizing the deference afforded to trial counsel's decisions concerning the witnesses to present and the "art" involving such choice, State v. Arthur, 184 N.J. 307, 321 (2005), Judge Cook found defendant's argument was hollow. The judge reasoned defendant made a bald assertion of failure to investigate because she

> provides no names, affidavits or anything else to support her allegation that there were witnesses who could have testified on her behalf. There is also nothing to suggest that any unnamed witnesses would have been available or amenable to testifying on [her] behalf.

The judge further noted the victims' testimony and video evidence "was too overwhelming for any potential witness to change the outcome" of the guilty verdict. We discern no fault in this analysis. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) (explaining there must be more than bald allegations of counsel's substandard investigation; the defendant's PCR petition lacked supporting affidavits setting forth personal knowledge of what a more thorough investigation would have revealed).

Because defendant failed to establish a prima facie case of counsel ineffectiveness, it was appropriate to deny her an evidentiary hearing. Preciose, 129 N.J. at 462. To the extent we have not discussed them expressly, all other

7

arguments raised by defendants lack sufficient merit to warrant discussion.  <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION